## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

              v.         Criminal No. 08-50007

ARTURO REYES, JR.; SILVIA
REYES; ARMANDO REYES; and
LUCILA HUARACHA                                             DEFENDANTS

### <u>O R D E R</u>

Now on this 22nd day of February, 2008, come on for consideration the government's **Motion To Take Deposition** (document #66), the **Motion To Strike Government's Motion To Take Deposition** of separate defendants Arturo Reyes, Jr., and Armando Reyes (document #70), and the **Motion To Strike Government's Motion To Take Deposition** of separate defendant Silvia Reyes (document #74), and from said motions, the Court finds and orders as follows:

1.    All defendants in this matter are charged with harboring and conspiring to harbor illegal aliens - for the purpose of commercial advantage or financial gain - by providing them with employment.   Defendants Arturo Reyes, Jr., Silvia Reyes, and Armando Reyes are also charged with knowingly conducting financial transactions affecting interstate commerce using proceeds gained from harboring illegal aliens.

2.    The government now moves to take the depositions of three witnesses, Hilda Villalobos, Heriberto Rangel-Esquivel, and Angel Aldaco-Martinez, who have been arrested and detained on material-witness warrants pursuant to **18 U.S.C. §3144**.   It is asserted that

all three witnesses are subject to detainers lodged by Immigration and Customs Enforcement, and that "further detention of these individuals will pose an unnecessary hardship upon them, as they appear to be otherwise subject to removal or deportation."

3.   Defendants Arturo Reyes, Jr., Armando Reyes, and Silvia Reyes object to these depositions, and move to strike the government's Motion.  They contend that the motion was not filed far enough in advance for them to have eleven days to respond to it; that they were not given reasonable notice of the depositions; that the government has not filed an affidavit stating that the testimony of these witnesses is material; that the deposition request is premature because the government has not provided them with any discovery; and that there are no exceptional circumstances justifying the depositions.  Alternatively, if the depositions are allowed, these defendants contend that the witnesses should also be made available to testify at trial.

4.   The first three of these objections may be easily disposed of.  The fact that **Local Rule 7.2(b)** allows a party eleven days to respond to a motion does not mean that every motion must be filed more than eleven days from the date of the act in question. The Rule itself allows the Court to shorten or lengthen the time for filing responses, and the exigencies of criminal practice dictate that oftentimes motions in such cases will require shorter response periods.

Nor does the Court find the notice here given to be

-2-

unreasonable.  The Court cannot determine precisely when such notice was first given to the defendants, but the language of the Motion To Take Deposition indicates that it was given in advance of the filing of the Motion.  The Motion was filed on February 20, 2008, for depositions planned for February 29, 2008.  The Court does not consider this to be unreasonably short notice.

As for the allegation that the  government has not filed an affidavit stating that the testimony of these witnesses is material, that is not required by **F.R.Cr.P. 15**.  While such an affidavit is required by **§3144**, it is required in connection with obtaining a warrant for the arrest of a material witness, not in connection with the actual deposition.

5.  The two remaining objections merit more extensive discussion, relating as they do to the essential fairness of the upcoming trial.

Depositions in criminal proceedings are governed by **F.R.Cr.P. 15**, which provides in relevant part as follows:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice. . . . A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. . . . A party seeking to take a deposition must give every other party reasonable written notice of the deposition's date and location.

The Court does not find that the government has made any showing of exceptional circumstances.  While each of the witnesses

-3-

in question is represented by counsel, there is no evidence that any one of the three is requesting to give a deposition so that he or she may seek release from detention.  Given that they are in custody and not seeking release, there is no danger they will become unavailable to testify before the trial of this matter, which is scheduled for March 10, 2008.

6.  Defendants assert that the government has not provided them with *any* discovery, and that they should have access to all discovery they would have at trial before being placed in the position of having to depose witnesses for use at trial.  Because the basis for taking a deposition in a criminal case is to preserve testimony for trial, the Court agrees with that notion.  In this connection, the Court notes that, in documents filed on January 29, 2008, the government stated that it "will provide discovery as set forth in the Pretrial Scheduling Order."  If the government has not yet done so, then a further reason is provided for not permitting the depositions to go forward.

For these reasons, the Court finds that the depositions should not be allowed to go forward.

**IT IS THEREFORE ORDERED** that the government's **Motion To Take Deposition** (document #66) is **denied.**

**IT IS FURTHER ORDERED** that the **Motion To Strike Government's Motion To Take Deposition** of separate defendants Arturo Reyes, Jr., and Armando Reyes (document #70) and the **Motion To Strike**

-4-

**Government's Motion To Take Deposition** of separate defendant Silvia

Reyes (document #74) are **granted.**

   **IT IS SO ORDERED.**

                                    /s/ Jimm Larry Hendren
                                   **JIMM LARRY HENDREN**
                                   **UNITED STATES DISTRICT JUDGE**